IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-CR-30083-MJR |
| | ) |
| ADRIENNE ROLAND, | ) |
| | ) |
| Defendant. | ) |

### ORDER REGARDING REVOCATION SENTENCING

REAGAN, District Judge:

On April 1, 2005, Adrienne Roland ("Defendant") was sentenced to a term of five years probation in the Central District of Illinois for committing mail fraud. The offense involved theft of public funds from the Illinois Department of Human Services, Office of Rehabilitation Services, through a scheme involving other individuals.

Subsequent to that conviction, jurisdiction and supervision over Defendant's case were transferred to the United States District Court for the Southern District of Illinois. On February 17, 2010, a petition to revoke Defendant's probation was filed by her supervising probation officer. The petition alleged, inter alia, that Defendant violated the terms of her probation by committing another federal crime while on probation.

On May 6, 2010, Defendant appeared before the Court with counsel and admitted that she committed the offense of false statements in violation of 18 U.S.C. 1001. Defendant admitted that on January 31, 2008, and again on January 21, 2009, she submitted applications to the Social Security Administration to act as payee for her daughter, J.S.R.

Defendant further admitted that on January 12, 2009, she submitted applications to the Social Security Administration to act as payee for her granddaughter. As to all of these applications, Defendant admitted that she falsely told the Social Security Administration that she had never been convicted of a felony.

At the hearing on May 6, 2010, the Court heard arguments from the parties regarding the sentence which should be imposed. Through counsel, Defendant represented that her false statements to the Social Security Administration did not result in unjust enrichment to anyone. Defendant further represented, through counsel, that she did not steal or misuse any of the Social Security funds she received in her capacity as representative payee.

The prosecution noted that Defendant's instant offense of conviction involved theft of public funds and that Defendant served as representative payee for several family members in addition to those that were the subject of the false statements mentioned above. The prosecution explained that, in her role as representative payee, Defendant was obliged to keep records and an accounting of funds she managed on behalf of disabled individuals. Under those circumstances, the prosecution urged the Court *not* to accept Defendant's bare assertion that there had been no unjust enrichment or mismanagement of funds. The Court subsequently ordered the United States Probation Office for the Southern District of Illinois and United States Probation Officer Jerry Goolsby to conduct an investigation into whether Defendant had indeed mismanaged funds as representative payee. A report by the United States Probation Office is due on September 1, 2010.

Sentencing is continued to November 5, 2010. The results of the investigation are relevant to the Court's exercise of sentencing discretion under 18 U.S.C. 3553(a). Whether or not Defendant committed additional offenses while on probation is a factor which the Court may consider in determining what sentence to impose.

Accordingly, pursuant to 18 U.S.C. 3552, 28 U.S.C. 1651, and Fed.R.Crim.P. 32, **on or before July 7, 2010**, the Social Security Administration shall disclose to the United States Probation Office for the Southern District of Illinois and United States Probation Officer Jerry Goolsby all information in its possession which pertains to Defendant's conduct in handling funds as representative payee from the time period of April 1, 2005 to the present, including copies of any periodic reports submitted by Defendant which pertain to use of the payments. If necessary or appropriate to protect the privacy interests of program participants, the Social Security Administration may provide information in redacted form. The Social Security Administration may also prepare a summary report which discusses Defendant's conduct as representative payee and may provide such report to the United States Probation Office.

The Probation Office shall provide to the Social Security Administration any information in its possession which may be relevant to that agency's determination of whether mismanagement of funds or unjust enrichment has occurred due to Defendant's conduct. Such disclosures may include but are not limited to information regarding Defendant's living arrangements, household composition, income, assets, and the physical and mental abilities of any individual for whom she is serving as representative payee.

Defendant shall sign any releases tendered to her by the Social Security Administration in its efforts to comply with this Order. In complying with this Order, the Social Security Administration may direct questions to Probation Officer Goolsby at 618-482-9289 and/or Assistant United States Attorney Suzanne Garrison 618-628-3779. The prosecution has advised that Special Agent Chris Alexander of the Social Security Administration, Office of Inspector General (314-514-9324 ext. 113) has been briefed in this matter. Defendant is represented in this case by attorney William D. Stiehl, Jr., 618-234-9900.

**IT IS SO ORDERED.**

**DATED June 2, 2010.**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**United States District Judge**